### Archibald Davisson *against* Samuel Gardner.

In order to prove that the cause of action of a former suit in trespass was the same as that for which a subsequent suit of trespass on the case was brought, it is necessary to produce not only the transcript but the state of demand also. And until this is done parol evidence of the identity of the subject matter of both suits cannot be received.

---

This was a *certiorari* to the Court of Common Pleas of the county of Warren, to bring up the judgment and proceedings on an appeal from a justice of the peace. The papers returned with the *certiorari*, disclosed the following facts : On the 25th of September, 1826, Samuel Gardner, the defendant in *certiorari,* brought an action against Archibald Davisson, for trover and conversion, before George R. King, Esq., and filed his state of demand in the usual form to recover damages for thirteen hundred sheaves of rye, and one hundred sheaves of wheat, alleged to have been con-

verted by the defendant to his own use.   On the trial before
the justice, after the plaintiff (Gardner) had offered his wit-
nesses, the attorney of Davisson moved to have the cause
dismissed, on account of a former action of trespass having
been instituted against him by Gardner, in which as he alleged
was included the same matter in controversy, and which
action had been dismissed by the justice, in consequence of
Davisson's pleading title to the land on which the trespass
was alleged to have been committed, and filing bond in pur-
suance of the statute.   A transcript of the docket was pro-
duced to prove the facts, unaccompanied by a copy of the
state of demand.   The justice overruled the motion, and
gave judgment in favor of Gardner (the plaintiff below) for
the sum of fifty-four dollars and eighty-seven and a half cents
damages, with costs.   From this judgment Davisson, the
defendant below, appealed to the Court of Common Pleas of
the county of Warren; and on the trial of the appeal, at the
term of August, 1827, Henry Smith, a witness sworn and
examined on behalf of the appellee, said that he was present
when the appellee demanded the grain in dispute of the
appellant, which the appellant refused to deliver to the
appellee.   And being crossed examined on the part of the
appellant said, that this demand was made last harvest, a
year.   That the appellant in the conversation said that the
grain was his; that he had purchased the barn.   And wit-
ness being asked by the appellant if the appellee had not
informed him that he had brought an action of trespass for
this grain heretofore, the said question was objected to by
the appellee, which objection was sustained by the court,
and the question overruled.   Before the appellee gave any
evidence on this appeal, the appellant offered the above-
mentioned transcript from the docket of George R. King,
Esq., and prayed the Court of Common Pleas to dismiss the
suit, but the court overruled the motion; and after hearing
the argument of counsel, reversed the judgment of the jus-
tice, and rendered a new judgment in favor of Gardner, the

appellee (and plaintiff below) for the sum of $28.25. To reverse this judgment, Davisson, the appellant and defendant below brought this *certiorari.*

*Scudder,* on his behalf, relied upon the following reasons for the reversal of the judgment of the Court of Common Pleas :

1. Because the Court of Common Pleas overruled the question proposed to Henry Smith.

2. Because the Court of Common Pleas overruled the motion to dismiss the suit.

*Vroom,* for the defendant, in *certiorari,* contended.

1. That the Court of Common Pleas did right in overruling the motion to dismiss the suit, because it did not appear that the action mentioned in it (although between the same parties) was for the same cause ; there was no state of demand offered with the transcript, to shew what was the real subject matter of the dispute, and the transcript offered in evidence purported to be the record of proceedings in an action of *trespass,* whereas, the present action was an action of *trespass on the case.*

2. That the Court of Common Pleas did right, in rejecting the testimony offered to prove that Gardner had admitted that the action of trespass which had been previously brought, was for taking this same grain for which this action of trespass on the case had been instituted. It was an attempt to supply by parol testimony what ought to appear by record.

3. That even if the transcript of the former action of trespass and the parol evidence offered, had been admitted, it would have been immaterial. For a defendant's pleading title and filing bond, in pursuance of the statute did not pre-vent the plaintiff from bringing another action, for the same cause, before another justice, or in the Court of Common Pleas. By the bond which the defendant enters into on such

an occasion, he merely obliges himself to appear to an action to be commenced at the *next* Supreme Court. And if the plaintiff does not commence his action at the *next* court he loses his security, but is not thereby barred from bringing another action.

BY THE COURT. The question proposed by the appellant to Henry Smith, the witness, was properly overruled by the Court of Common Pleas. If the purpose of the appellant was to prove the cause of action of the suit in trespass he should have produced, with the transcript, a copy of the state of demand, which as appeared by the transcript had been filed. If the purpose was to prove the identity of the grain in both actions, he should have first proved by legal evidence that the first action was brought for taking away grain.

Inasmuch, then, as it was not legally shewn that both actions were for the same cause, the motion to dismiss was rightly denied by the Court of Common Pleas. The effect of the proceedings in the first action to bar the second action, if for the same cause, does not require to be considered or decided.

Judgment affirmed.